## Meyers' Petition

*Frank S. Holmes*, for exceptant; *C. C. Shull*, contra.

SHULL, P. J., December 24, 1932.—The exceptions filed in this case are nine in number. The first exception is:

(a) The taking of the petitioners' lands.

(b) Damage to the property of petitioners who are engaged in the summer hotel business, through the manner in which said work was done and said premises left after the completion thereof.

Of the first exception, (a), the taking of petitioners' lands, is to the mind of the court without merit, for as we view it the taking of private property for other purposes may not be done without compensation. As to (b), if exceptions to such matters in a petition are to be taken, as we view it, such exceptions should have been taken at the earliest opportunity. It is true, as asserted by exceptant, that some of the matters complained of as being set forth in this petition are not strictly elements of damage, still they are but surplusage in the petition, and, if exceptions to them as a part of the petition are to be of any

avail, we feel that such exceptions should be taken before going into hearing just as questions of law must be raised as to a statement of claim before trial, and if not then excepted to they are not properly the subject of exception after the exceptants have gone into hearing on the merits before the viewers and the viewers have filed their report. By this no party in interest can be harmed, for if the findings of fact and conclusions of law set forth in the report of viewers disclose an improper element of damage as the basis of the conclusion of the viewers these conclusions and findings are properly the subject of exception and may be reviewed by the court. The mere fact that they may appear as allegations in the petition is not of itself of any great moment and for these reasons the first exception is dismissed.

As to the second exception, viz., "The said viewers in their report wholly failed to set forth the value of the property of the plaintiffs before the entry and construction of the highway described in their petition and its value after the entry and construction of said road or any other facts from which it can be ascertained whether the damages assessed by the viewers are or are not according to the legal measure of damages," we cannot find that it has any merit. While it is true that the viewers do not in a finding fix the value of the property before and after the road is constructed, they do find in a finding of fact set forth in their report "that the fair reasonable market value of the premises immediately after the taking and appropriation aforesaid as affected by said appropriation is $3,000 less than the fair reasonable market value immediately prior to the taking and appropriation aforesaid." Consequently the conclusion is irresistible that the viewers must have, for the purpose of assessing damages, found the reasonable market value before and after the road was constructed. While perhaps it might have been more complete in detail had these figures been inserted in the report, still we do not view it as an absolute necessity that such figures be made a part of the viewers' report as a finding of fact and therefore the second exception is dismissed.

As to the third exception, viz., "The viewers erred in taking into consideration as elements of damage the kind of business which the petitioners carried on upon the property involved and the manner in which such business and the profits thereof were supposed to be affected by the construction of the road in question", the findings of fact and conclusions of law of the viewers fail to disclose to the court any basis for this exception and therefore the third exception is dismissed.

As to the fourth exception, this relates to the admission of testimony before the viewers, as do exceptions 5, 6, 7, 8 and 9. Evidence taken before viewers is not properly a part of the report of viewers and this is true even though the evidence be transcribed and attached to the report made by the viewers. The viewers may or may not have among their number one learned in the law and consequently it would not be within reason to hold that in the hearings had before viewers, the rules of evidence must have been applied in the same manner as they are applied in case of a trial in court. Consequently we feel that even though evidence that is incompetent, irrelevant, and immaterial be adduced before viewers, it is not properly the subject of exception to their report and particularly since the evidence taken is not, as we have said, a part of the report of the viewers. If improper findings or conclusions be made or drawn and are set forth in the report, they may be excepted to and reviewed by the court, but if the findings set forth in the report appear to be proper findings and are sufficient to sustain the conclusion drawn the report must be confirmed. If the damages awarded to any party appear excessive, the remedy is by appeal and not by exceptions to the report.

All of the exceptions are dismissed.